Cite as 2022 Ark. App. 72

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-21-359

|  |  |  |  |
|---|---|---|---|
| A.H. | | Opinion Delivered February 16, 2022 | |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NOS. 23JV-20-201; 23JV-21-141] | |
| V. | | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE TROY B. BRASWELL, JR., JUDGE | |
| | | AFFIRMED | |

## N. MARK KLAPPENBACH, Judge

The Faulkner County Circuit Court adjudicated juvenile AH delinquent for the offense of terroristic threatening and committed him to the Division of Youth Services. On appeal, AH argues that the circuit court erred in admitting testimony about statements he made to a police officer. We affirm.

AH was on probation in May 2021 when the State filed a delinquency petition alleging that he had committed the offense of first-degree terroristic threatening. Three witnesses testified at the adjudication hearing. TH testified that when she and AH were waiting at the bus stop, AH yelled to her fifteen-year-old brother, CO, that he was going to pay their house a visit when he got off house arrest. According to TH, AH said that her brother had "dissed" the "Bomb Squad," which she said was "kind of a little gang." Once

they were on the bus, TH said that she and AH were arguing and that AH told her that "the same way that Tracey held a gun to me, he would do the same thing to my brother." TH said that Tracey was joking when he held a gun to her head, but she did not know about AH because he said it with a straight face.

ZT testified that she was friends with TH, and she heard TH and AH arguing on the bus. ZT said that she heard AH say he was going to shoot up TH and CO's house because CO had disrespected the Bomb Squad. ZT testified that TH heard everything that she heard on the bus.

Conway police officer Derrick Flowers testified that he was assigned as a school resource officer at Conway High School. Officer Flowers said that he received a call to assist in Mr. Franklin's office, and when he arrived at the office, Mr. Franklin was visiting with AH. After they finished visiting, Flowers said that he asked AH what happened. At this point in Flowers's testimony, AH's counsel requested to voir dire him. During the voir dire, Flowers testified that he thought AH had done something wrong, that he did not advise AH of his *Miranda* rights by way of a juvenile-rights waiver, and that he did not attempt to contact AH's father. AH's counsel then objected to Flowers's testifying about his conversation with AH, stating as follows:

> [H]e thought that he was checking into some criminal activity. He did not present to my client a juvenile rights waiver or verbally advise him of his rights. And I believe under the statute that absent the written waiver that no testimony can come in.

In response to the State's questioning, Flowers testified that AH was not in custody when they spoke. The State then argued that *Miranda* did not apply. The court agreed that

2

*Miranda* would not apply because AH was not in custody, but the court wanted to review the statute referred to by AH's counsel. AH's counsel stated that his objection was based on Arkansas Code Annotated section 9-27-317(h)(1) (Repl. 2020), which provides that "all waivers of the right to counsel, except those made in the presence of the court pursuant to subsection (a) of this section, shall be in writing and signed by the juvenile." Counsel argued that the statute was "over and above *Miranda*." The court took the motion under advisement.

The State's direct examination of Officer Flowers then resumed. Flowers testified that he talked to AH in Mr. Franklin's office and that AH was not handcuffed. AH told Flowers that he did not threaten anybody, but he had told CO that they could meet up afterward.

After a brief recess, the court announced that it was denying the defense's motion to suppress AH's statements to Flowers. The court found that the right to an attorney did not attach during an investigative interview or conversation if the juvenile is not in custody, and here, the testimony established that AH was not in custody. The court subsequently adjudicated AH delinquent for the offense of terroristic threatening.

On appeal, AH argues that the circuit court erred in allowing Flowers to testify about the statements he made because he was in custody and Flowers did not advise him of his *Miranda* rights. The State argues that AH's *Miranda* arguments were not preserved, and if they were preserved, there was no custodial interrogation for *Miranda* purposes. Last, the State argues that any error was harmless. We agree that even if the circuit court erred in admitting the testimony, any error was harmless beyond a reasonable doubt.

3

The admission of statements obtained in violation of *Miranda* may constitute harmless error when there remains overwhelming independent evidence as to the defendant's guilt. *Morris v. State*, 2016 Ark. App. 546, at 11, 506 S.W.3d 299, 306. To conclude that a constitutional error is harmless and does not mandate a reversal, this court must conclude beyond a reasonable doubt that the error did not contribute to the verdict. *Id.* The admission of evidence may be considered harmless when there is overwhelming evidence of guilt, and the error is slight. *Id.* In determining whether the error is slight, we look to see if the defendant is prejudiced. *Id.*

AH argues that the admission of his statement that he told another boy "that they could meet up afterward" was not harmless. Despite the court's observation that AH's statements "seem to go in favor of the defense," AH argues that the testimony supported the State's position that AH had talked to CO and confirmed TH's testimony that AH said he was going to pay her brother a visit. He further argues that TH and ZT gave conflicting testimony about what was said on the bus.

The State argues that any error in admitting AH's statements was harmless beyond a reasonable doubt in light of the eyewitness testimony of the other two students on the bus directly recounting AH's threats to harm CO and to shoot up his house. AH was alleged to have threatened to cause death or serious physical injury or substantial property damage to another person with the purpose of terrorizing another person. *See* Ark. Code Ann. § 5-13-301(a)(1)(A) (Supp. 2021). TH and ZT each testified as to threatening statements that AH made while arguing with TH. TH testified that AH told her he would hold a gun to CO's

head.  ZT testified that AH threatened to shoot up TH and CO's house.  Accordingly, their testimony provided overwhelming independent evidence as to AH's guilt.  We hold that the evidence that AH acknowledged speaking to CO while denying making any threats did not contribute to the court's finding that AH made a terroristic threat during his argument with TH.  Accordingly, we affirm the adjudication.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.